# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | No. 3:16cr347 |
| --- | --- | --- |
|  | : |  |
|  | : | (Judge Munley) |
| v. | : |  |
|  | : |  |
| FRANK J. CAPOZZI, | : |  |
| Defendant | : |  |

## MEMORANDUM

This matter arises from the government's indictment, where Defendant Frank J. Capozzi was charged with conspiracy to defraud the government (18 U.S.C. § 286), wire fraud (18 U.S.C. § 1343), aggravated identity theft (18 U.S.C. § 1028), and theft of government funds (18 U.S.C. § 641). Before the court for disposition is a motion to suppress filed by Defendant Capozzi. (Doc. 111). Having been fully briefed, the motion is ripe for disposition.

**Background**

On March 3, 2010, Defendant Capozzi obtained a disability policy from Allstate Insurance (hereinafter "Allstate"). (Doc. 128, Search Warrant at 2). The policy required the policy holder to be totally unable to work to receive benefits under the plan. (Id.) On April 1, 2011, Defendant Capozzi contacted the insurance company and claimed that he was in an auto accident, was injured, and was unable to work. (Id.)

In order to receive payment on the policy, the policy holder needed proof that he was employed and had been receiving payment from such employment. Defendant Capozzi filed forms with Allstate indicating that he worked for Hindi Beginnings Inc. and earned $600 per week. (Id. at 2). Allstate, however, found evidence that Hindi Beginnings had not been paying the defendant, causing it to become suspicious that the defendant was committing insurance fraud. (Id. at 4). At this point, Allstate had already paid the defendant a total of $3,820. (Id. at 5). On November 15, 2011, Allstate referred the complaint to the Pennsylvania Office of Attorney General (hereinafter "PA-OAG"). (Id. at 3).

The PA-OAG investigated the claims and discovered that the Pennsylvania Department of Labor records had no evidence that Hindi Beginnings paid any money to Defendant Capozzi. (Id. at 5). Additionally, the PA-OAG revealed that the defendant was receiving unemployment compensation from a prior employer while obtaining insurance benefits, which suggests that Defendant Capozzi was unemployed and therefore not entitled to insurance payouts. (Id. at 3).

When the PA-OAG discovered that Defendant Capozzi was receiving insurance and unemployment benefits at the same time, it decided to visit Hindi Beginnings—at its 465 South Franklin Street location—to verify whether the defendant was actually operating a business. This location also happens to be where Defendant Capozzi, his son, and ex-wife reside. (Doc. 138, Notes of

2

Testimony of Suppression Hrg. held on Jan. 25, 2019 (hereinafter "N.T." at 12-13)). The PA-OAG conducted an interview of the defendant, where he admitted that he was not employed by Hindi Beginnings and that the money that he had reported that he had made from Hindi Beginnings was false. (Id. at 13). After further investigation, the PA-OAG discovered that the defendant had not been employed since 2010. (Id. at 14). When Defendant Capozzi applied for disability benefits, he claimed that he was employed, a threshold requirement for receiving benefits under Allstate's policy. (Id.). In light of this inconsistency, the PA-OAG charged Defendant Capozzi with, and arrested him for, insurance fraud and theft. (Id. at 15-16).

During a court proceeding, the defendant's lawyer turned-over a stack of information—including director meeting minutes from 2010-2011, a 2011 IRS tax 1120 form and K1, a 2011 Frank Capozzi Senior federal tax return, and a 2011 1099 miscellaneous form—all of which intended to prove that Frank Capozzi was employed by and earning an income from Hindi Beginnings, therefore invalidating the PA-OAG's insurance fraud and theft charges. (Id. at 16-17). After receiving Defendant Capozzi's tax information, the PA-OAG requested that he sign tax releases so that the PA-OAG could determine if in fact he had filed taxes at all. (Id. at 19). The State of Pennsylvania, however, notified the PA-OAG that Frank Capozzi or Hindi Beginnings never filed taxes as the documents

he provided the PA-OAG alleged. (Id. at 20). The PA-OAG also found out that the defendant, in his capacity as an employee, filed income tax returns worth $8,999 with the IRS. (Id. at 21). The PA-OAG found it suspicious that Defendant Capozzi filed federal tax returns while deciding not to file state tax returns. (Id.) To further investigate this inconsistency, the PA-OAG contacted a special agent with the IRS to find out why Frank Capozzi did not pay any federal taxes, but, received a tax refund. (Id.) The agent told the PA-OAG that individuals, in order to scam the IRS, might report a low income in order to maximize federal earned income tax credits. (Id.)

Viewing all of this evidence in its totality, the PA-OAG not only had suspicion that the defendant committed insurance fraud, but it also had suspicion that he committed tax fraud in his capacity as an employee of Hindi Beginnings. The PA-OAG subsequently decided to apply for a warrant to search Hindi Beginnings to determine if the documents that Defendant Capozzi provided the PA-OAG were accurate and authentic, in which case the PA-OAG would withdraw its charges. (Id. at 24). Based upon the facts and circumstances listed above, the PA-OAG requested that a search warrant be issued for 465 South Franklin Street Wilkes Barre, Pennsylvania—where Hindi Beginnings is headquartered—so that any record or documentation pertaining to its investigation could be seized and examined. (Doc. 128, Search Warrant at 6).

The warrant also sought to authorize the search of any and all real property located specifically at this address including but not limited to: general business areas, offices, attics, basements, bedrooms, common areas, file rooms, curtilage areas and any additional places that records—pertaining to Hindi Beginnings— may be kept. (Id.) The PA-OAG expressed that by examining the 465 South Franklin Street address, it expected to find evidence that Hindi Beginnings did not conduct a real business. (Id. at 7). This would indicate that Defendant Capozzi did not receive a legitimate salary as claimed in his documents provided to the PA-OAG. (Id.)

On, July 30, 2013, the Magistrate Judge authorized the search warrant (N.T. at 53). The next day, the PA-OAG executed a search warrant at 465 S. Franklin Street. (Id. at 27). During the search, the PA-OAG not only found computers, phones, records relating to Defendant Capozzi's disability claim with Allstate, but the PA-OAG also found tax records and a thumb drive[1] that contained over 400 individuals' personal identifiable information used for the filing of hundreds of federal income tax returns. (Id. at 28-29). The PA-OAG subsequently notified federal authorities about the defendant's possible federal crimes. (Id. at 30).

---

[1] A thumb drive is a portable, computer, storage device.

At all times throughout the search, the entire structure was under the defendant's control. Despite having control over the entire premises, the defendant seeks to have evidence found on the thumb drive—relating to tax fraud—suppressed. On January 17, 2019, we held a suppression hearing and heard testimony of Agent Douglas Hilyard of the PA-OAG regarding the investigation that resulted in the search warrant for the 465 South Franklin Street structure. The parties have submitted briefs bringing this case to its current posture.

**Discussion**

The Fourth Amendment of the United States Constitution specifically guarantees "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures. . . ." See U.S. CONST. amend. IV. Governmental searches conducted pursuant to a validly obtained warrant do not violate this guarantee.

In the instant case, a search warrant was obtained; however, Defendant Capozzi seeks to suppress evidence found on the thumb drive on two grounds. First, the defendant argues that Pennsylvania, rather than federal law, should apply in this case because of the PA-OAG's involvement. As a result, the defendant claims that Pennsylvania's more protective privacy rights should apply. Second, the defendant claims that the description in the warrant was overbroad

because it sought all business records in the 465 South Franklin Street structure—parts of which Frank Capozzi did not have control—without delineating which parts of the house the PA-OAG had authority to search. We disagree with both of these assertions, and we will address them in turn.

I. **Applicability of Pennsylvania Law**

With respect to Defendant Capozzi's first argument, we reject his assertion that Pennsylvania law applies because the government has charged the defendant with several federal charges including conspiracy to defraud the government pursuant to 18 U.S.C. §286, wire fraud pursuant to 18 U.S.C. § 1343, aggravated identity theft pursuant to 18 U.S.C. § 1028, and theft of government funds pursuant to 18 U.S.C. § 641. (Doc. 1). These charges were brought in federal court and in federal court federal law on the admissibility of evidence applies, not state law. Elkins v. United States, 364 U.S. 206, 223-4 (1960). As a result, we will apply federal law.

II. **Search Warrant**

Next we must determine, consistent with federal law, whether the PA-OAG's search warrant was overbroad. The Fourth Amendment of the federal constitution places restrictions on a law enforcement officer's ability to execute a search. See U.S. CONST. amend. IV. The Warrant Clause of the Fourth

7

Amendment prohibits the issuance of a warrant unless it "particularly describ[es] the place to be searched and the persons or things to be seized." Andresen v. Maryland, 427 U.S. 463, 480 (1976). "It is enough if the description is such that the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended." Steele v. United States, 267 U.S. 498 (1925). The scope of a search warrant depends upon the extent of a showing of probable cause; a warrant's authority to search shall not include more than is covered by the showing of probable cause to search. Maryland v. Garrison, 480 U.S. 79, 84 (1987). "[P]robable cause exists where 'the facts and circumstances within [an officer's] knowledge and of which [he] had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." Safford Unified Sch. Dist. No. 1 v. Redding, 557 U.S. 364, 370 (2009) (quoting Carroll v. United States, 267 U.S. 132, 162 (1925)).

It is our view that the warrant's authority to search does not include more than is covered by the showing of probable cause. When the PA-OAG discovered that Defendant Capozzi was receiving insurance and unemployment benefits at the same time, it grew suspicious that the defendant was committing insurance fraud and decided to conduct an investigation. (Doc. 138). In its investigation, the PA-OAG discovered that although the defendant had filed

8

federal taxes with the IRS, he had not filed taxes with the state of Pennsylvania. (Id. at 21). This gave the PA-OAG trustworthy facts sufficient for a reasonable person to believe that the defendant committed not only insurance fraud, but also tax fraud. Carroll, 267 U.S. at 162 (1925). Consequently, the PA-OAG had probable cause to conduct a search at Hindi Beginnings.

With respect to particularity, the warrant specifically delineated where the PA-OAG was authorized to search: general business areas, offices, attics, basements, bedrooms, common areas, file rooms, curtilage areas and any additional places that records may be kept. (Doc. 128, Search Warrant at 6). Therefore, the warrant specifically ascertained the scope of the PA-OAG's search. The warrant also specified what items it was authorized to seize: all items pertaining to proving the legitimacy of Hindi Beginnings as a business. (Id.). Although other members of Defendant Capozzi's family lived in the 465 South Franklin Street structure, the defendant remained in full control of the structure as he operated his daily business activities within the entire building. (N.T. at 55). There is nothing in the facts indicating that Hindi Beginnings was divided as a separate entity from the entire structure. (Id.); see also United States v. Whitney, 633 F2d 902, 907 (9th Cir. 1980) (upholding a search of a structure that was subdivided into two apartments because the defendant had control over both). As such, we will deny the defendant's motion to suppress.

**Conclusion**

For the reasons stated above, the PA-OAG had probable cause to search parts of the 465 Franklin Street structure, which were specifically delineated in the warrant. We will, therefore, deny the defendant's motion to suppress. An appropriate order follows.

**Date: March 25, 2019**     **BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**