UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

FRANK J. CAPOZZI

Case No. 3:16-CR-347

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐  This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of___months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before_____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant is a sixty-three-year-old male currently incarcerated at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi. His projected release date is December 11, 2023.

By Order of April 9, 2021, the Court denied Defendant's motion for compassionate release without prejudice based on the conclusion that Defendant had not shown that he had exhausted administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). (Doc. 298 at 4.) Although the Court agreed to reconsider that determination by Order of April 30, 2021, to assess whether Defendant's reply brief (Doc. 297) would lead to a different outcome (*see* Doc. 301), Defendant's exhaustion of administrative remedies remains an issue. According to Defendant, he sent a request to the warden of the Tallahatchie County Correctional Facility, Martin Frink, on December 2, 2020, but never received an answer. (Doc. 297 at 7.) Defendant's letter motion seeking compassionate release is postmarked December 22, 2020. (Doc. 281 at 3.) Therefore, the requisite thirty days from Warden Frink's receipt of Defendant's request had not elapsed before he filed the instant motion. *See* 18 U.S.C. § 3582(c)(1)(A). The record indicates that Defendant received a response to his request on March 8, 2021, in which Mr. Frink stated that the relief requested "is not in my purview! You have to file or hire an attorney." (Doc. 297 at 51.) This response is likely grounded in the fact that, according to the Federal Bureau of Prisons Inmate Locator, Defendant is "NOT IN BOP CUSTODY." Https://www.bop.gov/inmateloc/ (last visited May 4, 2021). As explained by the Government,

> [t]he defendant is housed at the Tallahatchie County Correctional Facility in Mississippi, a privately run detention center which the United States Marshal Service contracts with to hold federal inmates. The Defendant is to be transferred to the custody of the Federal Bureau of Prisons in the future to serve his sentence.

(Doc. 288 at 4.) In these circumstances, the Court will assume *arguendo* that administrative exhaustion has been satisfied and proceed with the requisite analysis.

Defendant identifies immunodeficiency with Hepatitis-C, obesity, and high blood pressure as the medical conditions which qualify him for release. (Doc. 281 at 2.) According to the CDC, obesity puts him at an increased risk of severe illness if he contracts COVID-19; immune deficiency and high blood pressure are conditions which *might* put him at risk of developing severe illness if he contracts COVID-19. Defendant also states that he is prediabetic, has chronic pain, has been recommended for a hip replacement, walks with a cane due to his ambulatory concerns, and, because of mobility issues, has difficulty with foot and lower leg care. (Doc. 297 at 5.)

Based on Defendant's medical conditions and age, the Court will further assume that Defendant has presented extraordinary and compelling reasons for a reduction in sentence. Thus, the Court will proceed to consideration of the 18 U.S.C. § 3553(a) factors.

Defendant focuses on the "white collar" nature of his crime and his positive behavior while on pretrial release for approximately eight months. (Doc. 297 at 18.) He acknowledges a long criminal history but maintains that he "has been law-abiding for a majority of his life." (*Id.* at 19.)

4

Regarding his more recent convictions, Defendant states that his wife "involved the whole family with a marijuana sales business" which led to his 2005 arrest for Delivery of Marijuana and Conspiracy to Possess with Intent to Distribute Marijuana. (*Id.* at 21-22.) He states that he was "illegally convicted" on charges related to his 2013 arrest for Fraud in Completing Insurance Claims; Insurance Fraud; Theft by Deception; and Conspiracy-Theft by Deception and he "will be filing to vacate his three-year sentence in state prison and expunge the record after he is released." (*Id.* at 22.) Defendant also contends that he pleaded guilty in 2015 to charges stemming from his 2014 arrest for Fraud Obtaining Food Stamps/Assistance because "his key witness was hospitalized . . . and was unable to appear to testify in trial of Capozzi's innocence." (*Id.*) Information in the PSR related to his 2005, 2013, and 2014 arrests includes the following: in 2005 Defendant himself sold marijuana to an undercover officer (Doc. 207 ¶ 42); the 2013 charges were based on Defendant's submission of false information to receive disability benefits to which he was not entitled (*id.* ¶ 43); and his 2014 charges related to the submission of fraudulent forms to Luzerne County Public Assistance that resulted in him receiving $14,490 in benefits to which he was not entitled (*id.* ¶ 44).

Defendant acknowledges that his pretrial release in the present case was revoked because of contact with a co-defendant but implies that the revocation was improper. (*Id.* at 19.) Defendant's explanation for the revocation of bail in this case is not consistent with the PSR's summary. (Doc. 207 ¶ 4.) His bail was also revoked in 2015 prior to his conviction related to the 2013 arrest. (*Id.* ¶ 43.)

Defendant admits that his crimes "were a very serious violation of the law." (Doc. 297 at 21.) However, he contends that he does "not pose a threat to society or have any recourse to break the law" because he "needs to rehabilitate his health." (*Id.* at 20.) The nature and circumstances of Defendant's crimes were addressed in the PSR. He filed hundreds of fraudulent tax returns and thereby received fraudulently obtained tax refunds. (Doc. 207 ¶ 15.) Defendant often used the identities of individuals, many of whom were incarcerated, who had no knowledge that returns were being filed in their name. (*Id.* ¶ 10.) Although the plea agreement indicates that the defendant is responsible for restitution of $398,991.05, the Government has since determined that the false claim amount is $519,690 and resulted in a tax loss and restitution of $397,670.05. (*Id.* ¶ 15.) These facts show that Defendant's scheme was extensive. His history of various types of fraudulent activity as evidenced by the current charges and those lodged in 2013 and 2014 indicate that his pattern of behavior does not support his conclusion that he does "not pose a threat to society or have any recourse to break the law" because he "needs to rehabilitate his health." (*Id.* at 20.) His illegal behavior in these instances stemmed from the sedentary pursuits of filing fraudulent forms to obtain funds to which he was not entitled, and ill-health is no deterrent to such activity. Further, the Court agrees with the Government's assessment that there is no indication that Defendant will follow the rules of supervision (Doc. 288 at 17) as he had his pretrial release revoked in this case in January 2019 and also in April 2015 while he was released on bail for the 2013 arrest. (Doc. 207 ¶¶ 4, 43.) Thus, consideration of the 18 U.S.C. § 3553(a) factors, particularly the need for the sentence to reflect the seriousness of the offense, adequate punishment and deterrence, and protection of the public, strongly supports the propriety of the current sentence and indicates that Defendant should serve the remaining term of the seventy-month period of incarceration imposed on September 14, 2020. (Doc. 271.)

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: 5/4/21

_____
UNITED STATES DISTRICT JUDGE